ISRAEL F. CHILSON, ROBERT EVERSON AND LEWIS WEST-
FALL v. CATHARINE R. WILSON.

*Authority to grade cannot be delegated to a committee.*

It is not error to refuse to submit a specific question to the jury,
when another is submitted that is better adapted to the case.

One who sues a street commissioner for trespass in grading and
ditching along the front of his premises cannot complain of a
charge that defendant could not be protected by a resolution of
the municipal council ordering that the grade should be changed
or the ditching done as the street committee might direct, but
would be if it directed how the work should be done, and the
defendant followed the directions and acted fairly in the matter.

A municipal council cannot delegate to a street committee the power
to grade and ditch a street according to their discretion.

Error to Wayne. Submitted Jan. 11. Decided Jan. 29.

TRESPASS. Defendants bring error. The facts are stated.

*J. W. Voorheis* and *Moore & Moore* (on brief) for plain-
tiff in error. The common council can allow a street
committee some discretion, *Schenley v. Com.*, 36 Penn.
St., 52, 64.

*Joslin & Whitman* (on brief) for defendant in error.
The common council's power to determine how grading
shall be done cannot be delegated, *Thompson v. Schermer-
horn*, 6 N. Y., 92; Cooley's Const. Lim., pp. 204-5, n 1;
Dillon's Mun. Corp., § 60.

GRAVES, J. Chilson being street commissioner of the
village of Plymouth, graded Church street along the front
of premises of defendant in error, and Everson and West-
fall assisted.

The defendant in error, claiming that what had been
thus done was a trespass upon her property, brought
suit therefor. Plaintiffs in error pleaded in justification
that the street was public, and that the acts complained

of were done under the authority and according to the directions of the village council. She recovered a small judgment and defendants brought error.

Several exceptions to rulings in regard to evidence appear in the record, but none are found which are material. They do not require special notice.

Complaint is made that the judge refused to submit a specific question to the jury. An examination of the facts shows that what he did submit was better adapted to the case than the question offered, and was sufficient. There was no record evidence of any action by the council in relation to the change in the street, and verbal evidence was admitted, against objection, of a resolution by the council and of certain other proceedings.

The judge charged that if the resolution ordered that the grade should be changed or the ditching should be done as the street committee might direct, it would not afford protection; but if it contained directions as to what should be done, and they were followed, and the defendants acted fairly in the matter, then they were protected.

There is no sound objection to this charge open to the plaintiffs in error.

The justification set up as defense was based on alleged directions by the council and not on discretionary orders of a committee, and the one could not be regarded as equivalent to the other.

Moreover it was not competent for the council to delegate to a committee the power to grade and ditch a street according to their discretion.

The expression in regard to their having acted fairly in the matter is excepted to.

The remark was evidently meant to apply to their mode of following the directions in the resolution, and must have been so understood. It is not open to exception.

Complaint is also made of the charge that there was no dispute but that the plaintiff below owned the prop-

erty and was in possession of it. The record supports the charge. There is nothing further in the case entitled to notice.

The judgment should be affirmed with costs.

The other Justices concurred.