CASE 20—ACTION OF CATHERINE STRAUSS AGAINST CITY OF LOUISVILLE, &C., TO RECOVER DAMAGES FOR A NUISANCE—MARCH 29.

# Strauss v. City of Louisville, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

NUISANCE—MASTER AND SERVANT—INDEPENDENT CONTRACTORS—IN-JURY FROM MORTAR BEDS IN STREET AND NEGLIGENT USE OF SAME.

Held:    1. It is not a nuisance for a city or an abutting lot owner to permit a contractor to make mortar beds in the street for the erection of a building.

2. For the negligence of a servant of an independent contractor in throwing a piece of lime into a mortar bed in the street, causing injury to a passer-by, the lot owner who employed the contractor is not liable, as the relation of master and servant did not exist between him and the contractor, the work itself was not a nuisance, and the injury did not necessarily result therefrom.

BENNETT H. YOUNG AND D. B. BAKER FOR APPELLANT.

1. Property owners have no right, in constructing a building, to so obstruct the street or sidewalk, as to endanger the safety of those passing along the highway.  Matheny v. Wolffs, 2 Duval, 137; Markham v. Baumeister Bro., 19 Ky. Law Rep., 308; Story v. Railway Co., 90 New York, 122; Kittinger v. Railway Co., 50 N. Y., 208; Hume v. Mayor, 74 N. Y., 264; Cohen v. Mayor, 113 N. Y., 535; Hudson v. Mayor, &c., 9 N. Y., 163; Stoors v. City of Utica, 17 N. Y., 104; Davenport v. Reichman, &c., 37 N. Y., 568; Brusso v. City of Buffalo, 9 N. Y., 679; Russell v. Village Canas-tota, 98 N. Y., 496.

2. The petition alleges a state of facts showing that defendant, Henning, carelessly and negligently obstructed the street and side-walk, and that the city of Louisville knew of it and permitted it, and the case should have been heard upon its merits.

BYRON BACON FOR HENNING AND H. L. STONE, CITY ATTORNEY, FOR CITY OF LOUISVILLE.

1. The petition shows that Jacob F. Meriwether was an independent contractor employed to build a house for defendant, Henning, upon her lot, and that the premises were under his control and

neither he nor the premises were under the control of Mrs. Hen-
ning at the time the injury complained of was done.

2. The contractor was engaged in a legitimate occupation, making
mortar for use in building a house; it is not averred that the
mortar bed was out of place.

3. The averment that the party engaged in mixing the mortar, negli-
gently caused a splash therefrom to strike her in the eye, can not
make Mrs. Henning liable when she had no control over the
party doing the work.

4. It is not alleged that any injury, mediate or immediate, resulted
to appellant from the alleged condition of the street or pavement,
and it follows that the demurrer was rightfully sustained to the
petition. Bailey on Personal Injuries, secs. 2559, 2560; St. Paul
Water Co. v. Ware, 16 Wall., 566; Jaggard on Torts, 231; DeFor-
rest v. Wright, 2 Mich., 368; Riedel v. Moran Fitzsimmons, &c.,
(Mich.), 61 N. W., 509.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Appellant seeks a reversal of the judgment of the low-
er court sustaining separate demurrers in behalf of ap-
pellees to her original and amended petitions. The facts
on which she bases her claim for recovery, as set up in
her petition, are as follows: She says that the defendant
Henning was the owner of a lot on the east side of Fourth
street between Park and Magnolia avenues, and was erect-
ing a residence thereon, in September, 1897, under a con-
tract with her co-defendant Meriwether; that the pave-
ment in front of this lot was in a dangerous and unsafe
condition, and that Meriwether, in carrying out his con-
tract to erect the dwelling with the knowledge and con-
sent of the city of Louisville and Henning, obstructed the
pavement and street in front of the house with beds for
mixing mortar to be used in the erection of the building,
so as to create a nuisance, which continued some time
prior to the time of the accident to her; that while she
was passing along the pavement opposite the mortar beds
a piece of lime was carelessly and negligently thrown

therein by the agents of Meriwether, a part of which spattered into her eye, causing great pain and suffering. She charges that the mixing of this mortar was done with the knowledge of the city of Louisville and of the defendant Henning, who well knew that it was dangerous and unsafe to mix mortar on the sidewalk, and that it was a nuisance and menace to the safety of those passing along that street.

Appellant seeks to charge appellees with responsibility for the alleged negligence of Meriwether upon the ground that "if the owner of real estate suffers a nuisance to be created or continued by another, on or adjacent to his premises, in the prosecution of a business for his benefit, when he has the power to prevent or abate the nuisance, he is liable for an injury resulting therefrom to a third person;" and we are referred, in support of this proposition, to the cases of Matheny v. Wolffs, 2 Duv. 137, and Baumeister v. Markham (Ky.) 39 S. W., 844. It is not alleged that appellants injury was occasioned by any defect in the pavement, but that it was entirely attributable to the negligence of the servants of Merriwether in throwing lime into the mortar bed so as to splash a part of it in her eye. In both of the cases referred to the accident complained of resulted from the owner of real estate in a city employing contractors to excavate the pavement in front of the building, to be used as a part of the cellar, and permitting the excavation to be left at night without sufficient lights, safeguards, or barricades to warn passers-by of the existence of the excavation; and it was held that such excavation rendered the street insecure and dangerous, and consequently a nuisance, for which the proprietors were legally responsible. But we think there is a broad distinction between cases of that class and that

which we have here, as it certainly can not be regarded as a nuisance for the city or the owner of the property to permit a contractor to make his mortar beds for the erection of buildings abutting on the streets of a populous city in the streets themselves. Their occupancy for such purposes is always temporary, and would seem to be necessary for the erection of building by abutting owners. The general rule is that, in order to render one person answerable for another's neglect or wrongful act, there must exist between them the relation of master and servant, involving the right of the former to control the conduct of, and discharge from his service or employment, the latter; and in the well-considered opinion in the case of Robinson v. Webb, 11 Bush, 474, where this question was carefully considered, the court held that: "When the relation of independent contractor exists as to the use of real property, and the party employed is skilled in the performance of the duty he undertakes, and the thing contracted to be done is not in itself a nuisance, nor will necessarily result in a nuisance, the injury resulting, not from the fact that the work is done, but from the negligent manner of doing it by the contractor or his servants, the owner can not be made to respond in damages. . . . A contractor to build a house is not the servant of the lot owner and is alone liable for injuries caused by his neglect, or the neglect of his servants." Bailey in his work on Personal Injuries (sections 2559, 2560), says: "When one person employs another to furnish the materials and to do a specific job of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servant. . . . Where the obstruction or defect caused or created in the street is purely collateral

to the work contracted to be done, and entirely the result of the wrongful act of the contractor or his workmen, the rule is that the employer is not liable; but, where the obstruction or defect that occasions the injury results, directly from the work which the contractor engaged and was authorized to do, he is equally liable to the injured party." In the case of De Forrest v. Wright, 2 Mich., 368, the court said: "A person who has hired a contractor to do certain work, and has no immediate control over the servants of the contractor, is not liable to a person injured through the negligence of one of such servants."

There is no averment that the injury to plaintiff resulted necessarily from the work itself, or that appellee Henning was negligent in the selection of her contractor, nor does it appear that she failed to discharge any duty required of her as employer in connection with this matter; and we are of opinion that the demurrer, as to the appellees, was properly sustained. For the reasons indicated, the judgment is affirmed.