ANDREW R. BRADLEY *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

If it be conceded that the determination of the size of a sewer and of the materials to be used in its construction, is a legislative function which, having once been delegated to the board of aldermen, cannot be delegated by that body,—it does not follow that an order by that board requiring the director of public works to construct a sewer in a certain street between designated points, of the proper size and materials and with all necessary manholes, culverts, basins, etc., constitutes a delegation of the powers vested in that board by the General Assembly; for the city may have followed a practice, now prevalent, of adopting at the outset a comprehensive scheme of sewerage for the entire territory of the municipality, wherein the location and size of the trunk line sewers and of the laterals were designated, together with a statement of the materials which were to be used in the construction of the sewers of different sizes, and thus have left little or nothing to the discretion of the director of public works.

In the present case, which was an application in the nature of an appeal from an assessment of benefits for a sewer in front of the plaintiff's premises, the city demurred to the complaint because, among other reasons, it did not allege that the board of aldermen had delegated any of the powers vested in it by law, to the director of public works. *Held* that this objection was well taken, and that the order of the board of aldermen, as set out in the complaint, was not an attempted delegation of the powers of that board, as contended by the plaintiff, since for aught that appeared in the complaint the

board of aldermen might have specified the size, material, and other details of the sewer in question, in adopting a general, comprehensive sewer system for the municipality.

This court will take judicial notice that a city has adopted and followed such a general sewer system, if that fact appears upon its records in an earlier case.

Argued June 9th—decided November 8th, 1916.

SUIT to secure the annulment of an assessment of special benefits against the plaintiff, an abutting landowner, for the construction of a sewer in front of his land, upon the alleged ground that the order of the board of aldermen directing the construction of the sewer, and all subsequent action relating thereto, were *ultra vires* and void, brought to and tried by the Superior Court in New Haven County, *Burpee, J.,* upon a demurrer to the complaint; the court sustained the demurrer and afterward rendered judgment (*Reed, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*Edward H. Rogers* and *Charles E. Clark,* with whom was *Harrison Hewitt,* for the appellant (plaintiff).

*Henry H. Townshend,* with whom was *Charles Kleiner,* for the appellee (defendant).

THAYER, J.  The complaint alleges that the plaintiff is the owner of a lot of land in the city of New Haven bounded by Middletown Avenue, Ferry Street, Bailey Street and Rowe Street; that in the month of April, 1912, the board of aldermen of the city of New Haven passed an order, afterward approved by the mayor, that the director of public works cause a sewer to be constructed in Bailey Street between Ferry Street and Rowe Street, of the proper size and materials, with all necessary manholes, culverts, basins, etc.; that the

director of public works afterward, professing to proceed under this order, constructed a sewer in Bailey Street in front of and adjacent to the plaintiff's property; that afterward the board of assessment assessed benefits against the plaintiff and in favor of the city of $550 over and above all damages, which assessment was approved, and that the plaintiff was aggrieved by the order of the board of aldermen approving and accepting the assessment, because that board had no authority to delegate to the director of public works the power to determine the proper size and material of the proposed sewer and what manholes, culverts, basins, etc., were necessary thereto, and because, for that reason, the acts of the director of public works in constructing the sewer, and all acts connected with the assessment of benefits, were *ultra vires* and void.

It is to be noticed that the objection to the assessment is because the action of the board of aldermen in directing the construction of the sewer was without authority and so invalid, because it was left to the director of public works to determine the size and materials of the sewer. Among the fourteen reasons of demurrer assigned, only the sixth need be referred to, which is that the complaint does not allege that the board of aldermen delegated to the director of public works any of the powers vested by law in the board of aldermen.

It is the appellant's contention that the determination of the size of a sewer and of the materials for its construction is a legislative function which, by the city charter, the legislature has delegated to the board of aldermen, who are given the power to order and lay out streets, sewers, etc., and that a legislative duty cannot be delegated by the delegatee. For our present purposes this may be conceded. The complaint does not allege that the board of aldermen has delegated or

attempted to delegate its powers to the director of public works. The plaintiff assumes that the order which he has set out in the complaint is an attempted delegation of its governmental function. But the charter provides [13 Special Laws, p. 429, § 137 (d)] that the board of aldermen may, by ordinance, provide for the laying out and making sewers. Municipalities at the present day ordinarily adopt a comprehensive scheme of sewerage for the entire city, wherein the location and size of the trunk line sewers and of the laterals are designated, and where the materials proper to be used in the construction of sewers of the different sizes may be designated. Under the charter the board of aldermen have authority to cause such a system of sewers for the city to be laid out, and to approve and adopt them by an ordinance, so that when the necessity for a new sewer, or the extension of an old one, arises, the board may simply order, as they did in this case, the director of public works to build it of the proper size and materials. For aught that appears in the complaint precisely this may have been done by the board of aldermen. From the recent case of *Bassett* v. *New Haven*, 76 Conn. 70, 55 Atl. 579, in this court, we take judicial notice that such a general sewer system for New Haven was adopted and followed.

It is apparent, therefore, that the plaintiff's complaint does not show an attempted delegation of the legislative duties of the board of aldermen to the director of public works, and that what he and the board of assessment did pursuant to the order of the board of aldermen, set forth in the complaint, was outside of these powers. The demurrer to the complaint was properly sustained.

There is no error.

In this opinion PRENTICE, C. J., RORABACK and BEACH, Js., concurred.

WHEELER, J. (dissenting).   The complaint alleges:
(1) that the board of aldermen of New Haven passed,
and the mayor approved, the following vote, "Ordered,
that the Director of Public Works cause a sewer to be
constructed in Bailey Street between Ferry Street and
Rowe Street, of the proper size and materials, with all
necessary manholes, culverts, basins, etc.''; (2) that
the director of public works, professing to proceed under
said order, surveyed and laid out a sewer in Bailey
Street in front of the property of the plaintiff; (3) that
the bureau of compensation, professing to proceed under
said order and survey and layout, proceeded to assess
benefits against the plaintiff in excess of damages in the
amount of $550.73; and (4) that the plaintiff is ag-
grieved because the board of aldermen had no power to
delegate to the director of public works the power to
determine the proper size and material of said proposed
sewer, nor what manholes, culverts, basins, etc., were
necessary thereto, and for this reason his acts, and
all acts connected with the said assessment, were
void.

The fourteen grounds of demurrer may perhaps be
resolved to five.   1. The complaint does not allege that
the sewer was not laid out in conformity with the charter
of New Haven.   2. The complaint shows that it was so
laid out.   3. It does not allege that the board of alder-
men delegated to the director any powers vested by
law in it.   4. It shows that the acts done by him were
such as were legal.   5. It does not allege any facts to
support its conclusion that the board of aldermen had
no power to delegate to the director the power to deter-
mine the proper size and material of the proposed sewer,
nor what manholes, culverts, basins, etc., were nec-
essary thereto.

Each ground of demurrer is governed by the decision
of the plaintiff's claim of law, that the determination of

the size and materials of the sewer and of the necessary manholes, culverts, basins, etc., is by the charter of New Haven committed to the board of aldermen and cannot be delegated to the director of public works.

The charter provides that the court of common council (now the board of aldermen) is authorized "to order, lay out, construct, repair, and alter . . . sewers, . . . except as herein otherwise provided, whenever and wherever, in the opinion of said court of common council, the public good shall so require," etc. And it further provides that "the department of public works shall execute . . . all orders of the court of common council with reference to" sewers. These comprise the only provisions of the charter giving the board of aldermen power over sewers. 13 Special Laws, p. 425, § 132. Section 74 of this Act provides: "Except as otherwise provided in this Act, the director of public works shall be responsible for the care and management . . . of the construction, repair, cleaning, and general care of all sewers. . . . He shall cause all orders of the court of common council concerning any of said subjects to be executed."

These comprise the only provisions of the charter giving the director power over sewers. They give to the board of aldermen the determination of all legislative function in reference to sewers; and they leave to the director of public works the execution of its orders in reference to sewers, clearly confining his function to administrative matters. Under this same section the director is given the general care of all public buildings. It could not be claimed that the board of aldermen by ordering him to construct a City Hall in the City Hall Park could authorize him to determine its size and materials. For their decision controls the cost and the provision for the same from public moneys or taxation.

For a like reason the board of aldermen could not by ordering the director to construct a sewer in a street between given *termini*, authorize him to determine the location of the sewer, the depth at which it was to be laid, its size, the materials of which it was to be constructed, or the number of its manholes. For the decision of each of these subjects may affect the cost in very large measure, and hence govern the amount to be paid out of the public treasury, or raised by taxation. Subjects of this nature are not administrative but legislative. The control of the purse strings is the especial care of the legislative branch of our governments.

When the board of aldermen is authorized "to order, lay out, construct, repair and alter sewers," it is given power to establish them, locate them, and order them built of a designated size and kind, and according to a designated plan providing for manholes, catch-basins, etc. Technically "to order" a sewer is to establish, to create the sewer; to "lay out" is to locate and do all acts necessary to its complete establishment; "to construct" the sewer is to build, to make the sewer; and this involves of necessity the determination of the plan of the sewer, size, materials, number of catch-basins or manholes, etc.

In a statute of this character these words may be used interchangeably, but, either singly or in conjunction, they are intended to include every act necessary to the determination of the establishment and construction of the sewer. This does not mean that the actual survey may not be delegated, or that the actual construction may not be delegated, for these are purely administrative acts, and follow the proper execution of the order of the board of aldermen. But it does mean that the establishment, location, depth, size, material and number of catch basins, must be determined by the

board of aldermen and cannot be delegated by it to any official.

Again, when the director is given the care and management of the construction of sewers, it means that he has the supervision over their construction: it does not mean that he can determine when and how the sewer shall be laid, or its plan or materials.

When the power to order, lay out and construct a sewer is committed to the municipal body, it is its prerogative and duty to determine the mode, manner and plan of the improvement. It cannot delegate to any officer this determination. Else the exercise of this discretion might be "used as an instrument of favoritism." 1 Dillon on Municipal Corporations (5th Ed.) § 244; *Foss* v. *Chicago,* 56 Ill. 354; *Smith* v. *Duncan,* 77 Ind. 92, 95; *Chilson* v. *Wilson,* 38 Mich. 267; *Baker City Mutual Irrigation Co.* v. *Baker City,* 58 Or. 306, 113 Pac. 9; *Hydes & Goose* v. *Joyes,* 67 Ky. (4 Bush) 464, 468.

In *Bolton* v. *Gilleran,* 105 Cal. 244, 38 Pac. 881, in holding that the power to determine upon the construction of sewers could not be delegated by a board of supervisors which had the exclusive authority for the improvement of city streets, the Supreme Court of California said (p. 248): "A prominent consideration before this body, in determining whether an improvement shall be made upon a street, is the amount of its expense and the advantage that will accrue therefrom to the property which is to be charged with that expense; and unless it can know to a reasonable degree of certainty what the expense will be, it will be unable to exercise any intelligent discretion in determining whether the improvement should be made. . . . This includes not only the price at which the work is to be done, but also the items of the material and work which enter into its construction." *Lowery* v. *Lexington,* 116

Ky. 157, 162, 75 S. W. 202; *Birdsall* v. *Clark*, 73 N. Y. 73, 77.

In my opinion we ought not to follow the trial court in construing the charter as specifically delegating to the director the power to determine the size and materials of sewers.

The opinion of the court concedes, for the purposes of the case, the correctness of this conclusion; but it holds that the complaint does not allege that the board of aldermen has delegated or attempted to delegate its powers to the director of public works. It ignores the admission by the demurrer of the allegation of the complaint that the director of public works "surveyed and laid out" this sewer. It sustains its claim by pointing out the provision of the charter which gives the board of aldermen power to order, lay out and construct sewers. It then asserts that municipalities of the present day adopt a comprehensive scheme of sewage for the entire city, wherein the size and materials of the sewer are designated; and it asserts that the board of aldermen of New Haven had the power to have adopted such a general plan of sewage, so that when the occasion arose for a new sewer, or the extension of an old one, it was appropriate to order the director of public works to build it of the proper size and materials, since these had been determined by the aldermen.

The opinion states that, so far as appears, the board of aldermen may have done this. But this overlooks the significance of the allegations of the complaint, that the only action taken by the board of aldermen was to order the director of public works to construct the sewer on Bailey Street between certain *termini*, and that the director, acting under such order, had surveyed and laid out the sewer. To lay out this sewer was to determine its location, size, materials and depth. And the opinion holds that the size and materials must have been

provided for under the general scheme of sewers adopted by the board of aldermen under its power to lay out and construct sewers. So that the court is in error in assuming that it does not appear in the complaint that the board of aldermen may not have laid out and constructed this sewer.

The court further holds that since in *Bassett* v. *New Haven,* 76 Conn. 70, 55 Atl. 579, it is found that a general sewer system had been adopted for New Haven, it may now take judicial notice of the existence of such a general sewer system. In that case the finding was that, in 1871, a general sewerage system was adopted for the city of New Haven. It was further found in that case that the common council did the very things which we contend cannot be delegated to the director of public works. Waiving present consideration of the propriety of the court taking judicial notice of a fact of this character found in another case between other parties and on another issue, is it altogether a matter of judicial verity that New Haven has continued to the present day the system adopted in 1871? Does not this suggestion make it desirable that a fact of this character should be determined upon an issue of fact, and not upon demurrer by taking judicial notice of it as a fact? We may properly take judicial notice that New Haven has increased her population since 1871 over two-fold, and as a consequence many new streets have been laid out and sewers laid therein. There is no means, upon this record, of ascertaining whether Bailey Street was included in the general sewer system of 1871, or was among the streets laid out since that date.

Moreover, upon the argument of the case, when one member of the court adverted to the existence of a general sewer system in New Haven, counsel for the applicant admitted that such a system had been adopted in 1871, but asserted that Bailey Street had been laid out

after its adoption. Counsel for the city did not contest this claim. Under such circumstances I cannot persuade myself that the court ought to take judicial notice of this fact.

In my opinion the demurrer should have been overruled.