CARMELO CALVO *vs.* ANTONIO BARTOLOTTA.

Third Judicial District, Bridgeport, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 28th—decided November 29th, 1930.

*Edward J. Finn,* for the appellant (plaintiff).

*Robert J. Woodruff,* with whom was *Louis Shafer,* for the appellee (defendant).

MALTBIE, J. The complaint is in three counts, each based upon one of three successive actions brought by the defendant against the plaintiff and each claiming that the particular action referred to in it was a vexatious suit. All these actions were brought upon the same cause of action. The first was never returned to court, the second was withdrawn without a trial, and the third was withdrawn after being partially heard. A vexatious suit is a kind of malicious prosecution, differing principally because it is based upon a civil action whereas, with us, a malicious prosecution ordinarily implies the bringing of a criminal complaint. To establish the cause of action, both require proof of malice and want of probable cause. *Schaefer* v. *O. K. Tool Co., Inc.,* 110 Conn. 528, 148 Atl. 330. One of the conclusions of the trial court was that the defendant had probable cause for bringing an action for damages against the plaintiff. If this conclusion stands, it would in itself defeat any right of the plaintiff to recover. *McGann* v. *Allen,* 105 Conn. 177, 187, 134 Atl. 810.

As bearing upon that issue, the plaintiff sought to have added to the finding certain statements to the effect that the only demand the defendant ever made upon the plaintiff was that he pay him a small sum he claimed to be due on account of an overpayment, accompanied by a threat to ruin him if he did not do so; but these statements find their only support in

testimony of the plaintiff, whom the trial court specifically states it did not believe, and they cannot be added to the finding. The principal attack upon the finding as made is directed at statements therein contained relative to circumstances explanatory of the failure to return the first action and the withdrawal of the others. But if the finding be shorn of the portions attacked, so that there would remain but the bare facts of the failure to return one and the voluntary withdrawal of the other actions, these would afford at most only evidence of a want of probable cause. *Bristow* v. *Heywood,* 1 Starkie, 48, 2 Eng. C. L. 29; *Nicholson* v. *Coghill,* 4 B. & C. 19, 10 Eng. C. L. 464; *Kolka* v. *Jones,* 6 N. D. 461, 474, 71 N. W. 558; *Asevado* v. *Orr,* 100 Cal. 293, 298, 34 Pac. 777.

In the instant case any evidential value which might be given to the disposition of the actions in question is, however, completely overcome by other facts. In its finding the trial court states that, after the withdrawal of the last of them, another action was brought upon the same cause of action. This is the case of *Bartolotta* v. *Calvo,* subsequently tried to the jury and, after a verdict for the defendant, appealed to this court. The instant case and *Bartolotta* v. *Calvo* came to the same term of this court and were argued successively. We cannot shut our eyes to the nature and circumstances of the claim of the present defendant against the plaintiff as disclosed in that action, our opinion in which is reported, *ante,* p. 385. *Bradley* v. *New Haven,* 91 Conn. 100, 98 Atl. 977. The circumstances there disclosed are certainly such as would justify the defendant as a man of ordinary prudence in bringing an action seeking a recovery for substantial damages from the present plaintiff. The conclusion of the trial court that the actions involved in the present suit were not brought without probable cause must stand. *McGann*

v. *Allen*, 105 Conn. 177, 186, 134 Atl. 810; *Zitkov* v. *Zaleski*, 102 Conn. 439, 445, 128 Atl. 779; *Palmer* v. *Avery*, 41 Barb. (N. Y.) 290, 297 (affirmed, 41 N. Y. 619).

A judgment for the defendant must be sustained upon this ground and this makes it unnecessary to consider the other claims of error advanced.

There is no error.

In this opinion the others judges concurred.