[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#127)
The plaintiffs, James Zeller, and Torrington Associates, commenced this action by writ, summons and complaint on August 11, 1992. On November 18, 1993, this court granted the defendants' motion to strike all four counts of the plaintiffs' fifth amended complaint. (See Memorandum of Decision re: Motion to Strike #113, November 18, 1993, Pickett, J.). Pursuant to Practice Book 157, the plaintiff has filed a sixth amended complaint, that is now the subject of the defendants' motion to strike.
In their memorandum of law in opposition to the motion to strike the plaintiffs cite to the new allegation in paragraph 23 of the sixth amended complaint and argue that count three is a sufficient claim. As to counts one, two, and four, however, the plaintiffs choose to "stand on their original pleading" and "incorporate by reference the same arguments presented in plaintiffs' amended memorandum of law in opposition to the motion to strike the fifth amended complaint." Accordingly, for the reasons stated in the court's previous decision on motion to strike (#113), the defendants' motion to strike counts one, two, and four is granted.
Count three of the plaintiffs' complaint is a claim CT Page 1543 for vexatious litigation. Our Supreme Court has repeatedly held that a claim for vexatious litigation requires a plaintiff to allege that the previous litigation was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. See DeLaurentis v. New Haven, 220 Conn. 225, 248,597 A.2d 807 (1991); Mozzochi v. Beck, 204 Conn. 490, 492,529 A.2d 171 (1987); Blake v. Levy, 191 Conn. 257, 260,464 A.2d 52 (1983); Vandersluis v. Weil, 176 Conn. 353, 356,407 A.2d 982 (1978); Calvo v. Bartolotta, 112 Conn. 396,397, 152 A. 311 (1930). in suits for vexatious litigation, it has been recognized to be sound policy to require the plaintiff to allege that the prior litigation terminated in the plaintiff's favor. Blake v. Levy, supra, 264.
In DeLaurentis v. New Haven, supra, the supreme court held that a claim of vexatious litigation may be based on proceedings before an administrative body. Id., 248-49. In support of this rule, the court delineated the requirements for vexatious litigation by adopting the rule set forth in Section 680 of the Restatement (2nd of Torts) which permits liability for vexatious "initiation, continuation, or procurement of civil procedures against another before an administrative board that has power to take action adversely affecting the legally protected interest of the other." (Emphasis added.) Id.
In reviewing a motion to strike, the court admits all facts well pleaded; but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 n. 91, 108, 491 A.2d 368 (1985). The plaintiffs have concluded that by virtue of Zeller's successful intervention in the defendants' appeal from the decision of the zoning board, Zeller is a "party" to the "Proceeding" and therefore may pursue his claim of vexatious litigation against the defendants.
Despite the plaintiffs' new allegation, the underlying administrative proceeding was solely between the defendants and the zoning commission. The defendants did not choose to litigate against the plaintiffs to redress their alleged problem. Instead, they opted to appeal to the zoning commission for a change in zoning CT Page 1544 and plaintiff Zeller entered the "proceedings" by his own volition. Therefore, for purposes of stating a claim for vexatious ligitation [litigation], a termination in the plaintiffs' favor could not have occurred. Furthermore, this court is unaware of any court which has recognized a cause of action for vexatious litigation after the plaintiff has become a "party" in the alleged vexatious litigation through his own motion to intervene.
For the foregoing reasons, the defendants' motion to strike count three is granted.
PICKETT, J.