[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff sets forth causes of action arising out of alleged sexual assault by the defendant. The defendant denies the allegations of each of the four counts of the complaint arising out of the alleged sexual assault.
The defendant in his answer sets forth a counterclaim alleging vexatious litigation by virtue of the plaintiff's litigation.
The plaintiff moves to strike the counterclaim, asserting that it is inappropriate to use vexatious litigation as a counterclaim in the very suit a defendant claims is vexatious.
The plaintiff in the brief further elaborates her position that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit terminated in the plaintiff's favor. The court file in this case clearly reveals that the underlying action, Bryer v. Scott has not terminated and is still pending in this court.
 "We have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978); Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311 (1930); Schaefer v. O.K. Tool Co., 110 Conn. 528, 532, 148 A. 330 (1930). In suits for CT Page 2258 vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. See, e.g., Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 565-66, 117 A.2d 889 (1955). The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." Blake v. Levy, 191 Conn. 257, 263-64, 464 A.2d 52
(1983).
 Zeller v. Consolini 235 Conn. 417-424 (1995)
The defendant has failed to allege that the underlying litigation has terminated in his favor. The motion to strike the counterclaim is granted.
L. Paul Sullivan, J.