[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #106 MOTION TO STRIKE
This case concerns an action that was originally filed by the plaintiff in Small Claims Court. The plaintiff is a classical ballet dancer. The defendant is the New Haven Ballet. The plaintiff alleges that on March 13, 2001, the parties entered into a written agreement that provided that the plaintiff was to provide services to the defendant and the defendant was to pay the sum of two thousand five hundred fifty two dollars ($2,552.00). On or about May 2001, the defendant allegedly terminated the March 13th agreement.
On June 25, 2001, the defendant appeared and filed a Motion to Transfer pursuant to § 24-21 of the Practice Book. On June 29, 2001, the Court granted said Motion. On June 27, 2001, the defendant filed a Counterclaim to the plaintiff's complaint. On July 31, 2001, the defendant filed an Amended Counterclaim. The Counterclaim and the Amended Counterclaim both sounded in the nature of a vexatious litigation action. On September 10, 2001, the plaintiff filed a Motion to Strike, seeking to strike the defendant's Amended Counterclaim.
The standard for considering Motions to Strike has been well established in this state. In deciding such motions:
. . . We take the facts to be those alleged in the CT Page 13625 [pleading] that [is sought to be] stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996).
 Saunders v. Stigers, 62 Conn. App. 138, 142 (2001).
The defendant's Amended Counterclaim provides in pertinent part that:
3. These actions of plaintiff, which constitute vexatious litigation . . .
In order to maintain an action for vexatious litigation in the state of Connecticut certain requirements must be met:
 "We have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982
(1978); Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311 (1930); Schaefer v. O. K. Tool Co., 110 Conn. 528, 532, 148 A. 330 (1930). In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. See, e.g., Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 565-66, 117 A.2d 889 (1955). The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." Blake v. Levy, 191 Conn. 257, 263-64, 464 A.2d 52 (1983). The same requirement applies to a claim for tortious interference with a business relationship arising out of previous litigation, Id., 263-66. (emphasis added)
 Zeller v. Consolini, 235 Conn. 417, 424 (1995).
In the instant action the defendant (Counterclaim plaintiff) has not alleged that prior litigation has terminated in its favor. The New Haven Ballet's Counterclaim for vexatious litigation does not meet the CT Page 13626 standards established for maintaining a suit for vexatious litigation.
The Motion to Strike the Defendant's Amended Counterclaim is granted.
Richard A. Robinson, J. October 2, 2001