[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #123 MOTION TO STRIKE
This case concerns an action filed by the plaintiffs, Barney and Gladys Green against the defendant, Citicorp Mortgage, Incorporated. In a previous Superior Court Case, the defendant in the instant action filed a foreclosure action against the plaintiffs, Barney and Gladys Green. The matter was entitled, Citicorp Mortgage, Inc. v. Barney Green, Et Al. (CV 96 0150895). The case involved a mortgage foreclosure on real property located at 7 Adamson Avenue, South Norwalk, Connecticut The plaintiffs, CT Page 959 Barney and Gladys Green had previously granted a mortgage to the defendant Citicorp and executed a note in the Citicorps favor. The plaintiffs eventually defaulted on the subject note and mortgage and the defendant commenced foreclosure procedures. Due to Bankruptcy filings by the plaintiffs and other procedural matters the foreclosure was delayed for a period of time, during which the plaintiffs attempted to restructure the note and mortgage debt.
The plaintiff, Citicorp in the original action had obtained a judgment by strict foreclosure, but by way of a motion Dated December 30, 1998, sought to reopen said judgment in order to set new law days. The plaintiff Citicorp eventually received a judgement in its favor.
In the instant action the plaintiffs, Barney and Gladys Green are alleging the plaintiff in the foreclosure action committed various acts of fraud and misrepresentation in obtaining their judgment. This action was commenced on June 21, 2000, when the defendant was served.
On May 17, 2001, the defendant, Citicorp filed its Answer, Special Defenses and a Counterclaim to the plaintiffs' complaint. By way of a Motion to Strike, dated June 2001, the plaintiffs moved to strike various sections of language of the Special Defenses and the Counterclaim in its entirety.
When analyzing a Motion to Strike:
 . . . We take the facts to be those alleged in the [pleading] that [is sought to be] stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996).
 Saunders v. Stigers, 62 Conn. App. 138, 142 (2001).
As to paragraph 6 of the Second Special Defense as to the Second Count(denied)
In paragraph 1, of the plaintiffs' Motion to Strike, the plaintiffs seek to strike paragraph 6 of the defendants "Second Special Defense as to the Second Count". Plaintiffs, in error assert that the language sought to be stricken does not contain facts, but simply legal conclusions and case law citations. A review of the subject language indicates that the defendant states as a fact that the defendant has not alleged certain allegations that would constitute fraud. In light of the fact that the defendant does make such a factual allegation, when it is construed in a manner most favorable to sustaining its legal CT Page 960 sufficiency, the plaintiffs' Motion to Strike the language must be denied.
As to the Second Special Defense as to the Third Count: (denied)
In paragraph 2 of the plaintiffs Motion to Strike, the plaintiffs seek to strike the "Second Special Defense as to the Third Count". After reviewing the language in question and applying the standard for a Motion to Strike, the Court finds that the subject language is legally sufficient and therefore denies the Motion to Strike said language.
As to the Fourth Special Defense as to the Third Count: (granted in part)
In paragraph 3 of the plaintiffs Motion to Strike, the plaintiffs seek to strike the "Fourth Special Defense as to the Third Count". After reviewing the language in question and applying the standard for a Motion to Strike, the Court finds that the subject language is legally sufficient and therefore denies the Motion to Strike said language. However the Motion to Strike is granted as to the case citation language.
As to the Counterclaim: (granted)
In paragraph 4, of its Motion to Strike the plaintiffs seek to strike the defendant's Counterclaim in its entirety.
In order to maintain an action for vexatious litigation in this state certain requirements must be met:
 "We have held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982
(1978); Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311 (1930); Schaefer v. 0. K. Tool Co., 110 Conn. 528, 532, 148 A. 330 (1930). In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. See, e.g., Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552
565-66, 117 A.2d 889 (1955). The requirement furthermore serves the interest of finality of CT Page 961 judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation." Blake v. Levy, 191 Conn. 257, 263-64, 464 A.2d 52 (1983). The same requirement applies to a claim for tortious interference with a business relationship arising out of previous litigation. Id., 263-66.
 We have also recognized that, for purposes of the tort of vexatious litigation, the previous litigation that terminated in the plaintiff's favor may be an administrative, rather than a judicial, proceeding. DeLaurentis v. New Haven, 220 Conn. 225, 248-49, 597 A.2d 807 (1991). The same rule governs the tort of interference with a business relationship. See Blake v. Levy, supra, 191 Conn. 263-64.
(emphasis added)
Zeller v. Consolini, 235 Conn. 417, 424 (1995).
The plaintiffs assert in their Motion to Strike that the defendant cannot prevail on its Counterclaim alleging vexatious litigation for reason that: . . "[T]he defendant has not and cannot allege that this suit terminated in its favor . . ." The defendant has however alleged that the original foreclosure action terminated in its favor. Said action is entitled Citicorp Mortgage, Inc. v. Barney Green, Et Al. (CV 96 0150895). The confusion in this matter is on the issue of exactly which one of the actions, i.e., the instant action or Citicorp Mortgage, Id. is the action that must terminate in the complainant's favor before a vexatious litigation suit will lie.
The issues raised in the instant action are related to the originalCiticorp action, but they are not the same issues. The original case involved a foreclosure of a mortgage. The instant action concerns allegations of fraud and deceptive business practice. In order for Citicorp to maintain an action for vexatious litigation, it must prevail in the instant action, i.e. the action sounding in fraud and deceptive business practices. The motion to Strike the Counterclaim is therefore granted.
Richard A. Robinson, J