ASSETS COLLECTING CO. v. MYERS et al. (No. 6965.)

(Supreme Court, Appellate Division, First Department. April 23, 1915.)

**1. ASSIGNMENTS** ⊚⟶24—CLAIM FOR INJURIES—MALICIOUS PROSECUTION.

A complaint on an assigned claim, alleging that the defendants unlawfully, illegally, maliciously, falsely, and without probable cause conspired together to ruin and injure and to cheat and defraud a firm in its property and business credit, by causing a petition in bankruptcy to be filed against it, based on fictitious claims, and caused a receiver to be appointed, based on a fraudulent petition, etc., set forth an action for malicious prosecution, and the complaint was properly dismissed, as being on a nontransferable claim for personal injury, within Code Civ. Proc. § 1910 (now Personal Property Law [Consol. Laws, c. 41] § 41), and section 3343, subd. 9.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 42–46; Dec. Dig. ⊚⟶24.]

**2. MALICIOUS PROSECUTION** ⊚⟶49—COMPLAINT.

A complaint in an action for malicious prosecution, which omits to allege that the acts complained of were done without probable cause, is bad.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 94–96; Dec. Dig. ⊚⟶49.]

**3. LIMITATION OF ACTIONS** ⊚⟶55—MALICIOUS PROSECUTION.

Limitations, as to an action for malicious prosecution based on bankruptcy proceedings, begin to run from the entry of the final order dismissing such proceedings on the merits.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. ⊚⟶55.]

**4. PROCESS** ⊚⟶168—"ABUSE OF PROCESS."

"Abuse of process" is a malicious perversion of a regularly issued process, whereby a result not lawfully or properly obtainable under it is secured.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 257; Dec. Dig. ⊚⟶168.

For other definitions, see Words and Phrases, First and Second Series, Abuse of Process.]

**5. MALICIOUS PROSECUTION** ⊚⟶34—PROCESS ⊚⟶168—"MALICIOUS ABUSE OF PROCESS" AND "MALICIOUS PROSECUTION" DISTINGUISHED.

An action for "malicious abuse of process" is distinguished from an action for "malicious prosecution," in that it lies for improper use of process after it has been issued, and not for maliciously causing it to issue, and that in an action for malicious prosecution termination of the prosecution is essential, whereas in an action for abuse of process termination of the action is not.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 70; Dec. Dig. ⊚⟶34; Process, Cent. Dig. § 257; Dec. Dig. ⊚⟶168.

For other definitions, see Words and Phrases, First and Second Series, Malicious Abuse of Process; Malicious Prosecution.]

**6. PROCESS** ⊚⟶168—COMPLAINT FOR ABUSE.

A complaint based merely on the unfounded and unwarranted institution of bankruptcy proceedings, claimed to have been caused by acts of defendant, cannot be sustained as one for abuse of process.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 257; Dec. Dig. ⊚⟶168.]

**7. ASSIGNMENTS** ⊚⟶131—ACTION ON ASSIGNED CLAIM—PLEADING.

A complaint on a claim assigned by a receiver, which merely alleges the assignment of the claim to plaintiff, without alleging the action or

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proceeding wherein the receiver was appointed, or order or judgment in which his title to the cause of action could be legally deduced or presumed, is fatally defective.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ☞131.]

Appeal from Special Term, New York County.

Action by the Assets Collecting Company against Emanuel J. Myers and others. From an order denying a motion for judgment on the pleadings, defendant Myers and others appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Marshall, of New York City (Emanuel J. Myers and Gordon S. P. Kleeberg, both of New York City, on the brief), for appellants.

Ferdinand E. M. Bullowa, of New York City (Frank H. Platt, of New York City, of counsel, and Robert H. Ewell, of New York City, on the brief), for respondent.

CLARKE, J. The second amended complaint alleges: That the defendants fraudulently, maliciously, and willfully conspired together to ruin and injure and to cheat and defraud Otto Heinze & Co. in its business and property and business credit, by causing three fictitious claims to be assigned in form, but not in substance, to three dummies, caused a petition in bankruptcy to be filed by their three dummies, in which a false oath was knowingly and fraudulently made that they were creditors of Otto Heinze & Co., and that the three claims had been assigned to them by the original owners. That the defendants caused a receiver to be appointed, based on a fraudulent petition of one of their three dummies, who falsely represented himself to be a creditor, and made the petition in bankruptcy a part of his petition for receiver. That the said receiver appointed by the United States District Court for the Southern District of New York October 28, 1907, took possession of the property and retained possession thereof until on or about December 8, 1909, when he was discharged as such receiver, and the property then remaining in his hands was turned back to the said alleged bankrupt. That said petition in bankruptcy was dismissed on the merits by order duly entered in said District Court on or about September 11, 1909, and said bankruptcy proceedings were finally ended on or about December 8, 1909, when the order discharging said receiver was entered as aforesaid. That said bankruptcy proceedings were falsely, maliciously, and fraudulently instituted and maintained, and by all the defendants herein, pursuant to said conspiracy, and said District Court was deceived and induced by said false and fraudulent acts to assume jurisdiction of said proceedings and to appoint a receiver of said property as aforesaid. That on or about October 6, 1910, one Arthur F. Cosby was appointed receiver of all the rights, choses in action, and other assets of said Otto Heinze & Co., and duly qualified and acted as such, and thereafter, and on the 27th day of November, 1911, and prior to the commencement of this action, on the same day on which this action was commenced, duly

sold and assigned by instrument in writing all of the rights, choses in action, and other assets of said individuals composing the firm of Otto Heinze & Co., and said firm of Otto Heinze & Co., so acquired by him as receiver as aforesaid, to the plaintiff for value. That by reason of the premises the said Otto C. Heinze, Arthur P. Heinze, and Max H. Schultze, individually and composing said firm of Otto Heinze & Co., were compelled to and did pay to their attorneys for their services in said bankruptcy proceedings, and to said receiver and to counsel of said receiver for their services and disbursements, over $42,000, and they were deprived of their property for over two years, and were compelled to and did give up their business, and their business and business credit and their property were ruined and destroyed, which said business and property and business credit had for many years previous been very large and valuable, and they were damaged in the sum of $1,042,000, for which judgment is demanded.

The answer, after denials, sets up as a separate defense that the cause of action accrued more than two years prior to the commencement of this action, and that the same is therefore barred. For a second separate defense it sets up the proceedings in bankruptcy, and alleges: That on or about the 11th day of September, 1909, an order or decree, being the order mentioned in the amended complaint, was duly made and entered in the said United States District Court in the said bankruptcy proceedings, whereby the said petition was dismissed upon the merits, and had attached a copy. That thereafter the said Russell as receiver presented his accounts and prayed that he be discharged, and on the 8th of December, 1909, an order was duly made auditing the said accounts and discharging the said receiver (attaching it). That the alleged cause of action mentioned in the amended complaint is based upon the same proceedings as hereinbefore set forth in this separate defense, and this defendant alleges that the alleged cause of action set forth, stated, and alleged in the amended complaint did not accrue within two years prior to the time of the commencement of this action.

The plaintiff was compelled to reply, and it did so, denying that the cause of action accrued more than two years before its commencement. It admitted the allegations of the first, second, third, and fourth paragraphs of the second separate defense, except it denies that the petition in bankruptcy was "duly" made and verified, that the petition for a receiver was "duly" verified, and that the order appointing the receiver was "duly" entered. It alleges that the petitions, answers, and orders, copies of which were annexed to said answer, were made and entered on or about the dates given; that the receiver in said proceedings had possession of all of the property of said firm and of its members from on or about October 28, 1907, until November 28, 1909, upon which last-named date the receiver returned the property remaining in his possession to said firm and its members; that said proceedings continued until December 8, 1909, when the order (Exhibit G) was made; that during the period from October 28, 1907, to November 28, 1909, also to December 8, 1909, the said firm and its members and its and their receiver were prevented and restrained from bringing this action by the injunction clause in said order of October 28, 1907; that the conspiracy of the defendants referred to in the complaint continu-

ed until the property was returned to said firm and its members on November 28, 1909, and until the receiver was discharged on December 8, 1909. It alleges that on November 27, 1911, the summons herein was delivered to the sheriff of the county of New York with the intent that it should be actually served upon said Myers, who resided in said county, and that summons was personally served upon said defendant by said sheriff on December 14, 1911. It alleges that this action is to recover damages for injury to property, and that the two-year statute of limitation has no application.

Upon these pleadings the defendants made a motion for judgment, which having been denied, they appeal.

[1] The original complaint and the first amended complaint, which appear in the record, clearly set forth an action for malicious prosecution; the allegation being, "The defendants unlawfully, illegally, maliciously, falsely, and without probable cause conspired together," etc. An answer and a reply having been served to the first amended complaint, a motion was made by one of the defendants for judgment on the pleadings, which was granted, and the complaint ordered to be dismissed, with leave, however, to the plaintiff to serve a further amended complaint, which leave was taken advantage of, and the complaint so served is that at bar.

As a claim or demand upon malicious prosecution cannot be transferred (section 1910, subd. 1 [now Personal Property Law (Consol. Laws, c. 41) § 41] and section 3343, subd. 9, of the Code of Civil Procedure), and as plaintiff's cause of action is alleged to be derived by assignment from one Cosby as receiver of the individuals composing the firm of Otto Heinze & Co. and of the company itself, the plaintiff in its first amended complaint had pleaded itself out of court, and the judgment of dismissal of that complaint was right.

[2, 3] The second amended complaint alleged the same facts and was based upon the same transactions set forth in the first amended complaint. To avoid the fatal difficulty that a cause of action for malicious prosecution is not assignable, the necessary allegation in such an action that the acts complained of were done without probable cause has been omitted, so that, if this action is one for malicious prosecution, the complaint is bad for the omission of said necessary averment. It would also be barred by the two-year statute of limitations, which in our opinion began to run upon the entry of the final order dismissing the bankruptcy proceedings on the merits, which was entered on September 11, 1909, and was the final determination of the proceedings in the bankruptcy court.

[4, 5] The plaintiff seeks to uphold this pleading upon the ground (1) that this is not an action for the malicious prosecution, but for abuse of process; or (2) for an injury to property.

In 1 Ruling Case Law, p. 102, abuse of legal process is defined as consisting in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is a malicious perversion of a regularly issued process, whereby a result not lawfully or properly attainable under it is secured. The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies

for the improper use of process after it has been issued, not for maliciously causing process to issue. In an action for malicious prosecution, the termination of the prosecution complained of is essential; but in an action for abuse of legal process it is not necessary to aver and prove that the action in which the process issued has terminated.

Page 103: The test is probably whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do As to the result of an abuse of process that will support an action, it seems that there must be either an injury to the person or to property. Mere indirect injury to a person's business or to his good name is not sufficient.

In each of the cases cited by the respondent—Brown v. Feeter, 7 Wend. 301; Dishaw v. Wadleigh, 15 App. Div. 208, 44 N. Y. Supp. 207; Foy v. Barry, 87 App. Div. 291, 84 N. Y. Supp. 335; Bianchi v. Leon, 138 App. Div. 215, 122 N. Y. Supp. 1004—process had been issued, and the acts complained of were subsequent thereto, pertaining to the execution thereof. In Foy v. Barry, supra, the court said:

"In the action for abuse of process the gravamen of the complaint is the using of the process for a purpose not justified by law, and to effect an object not within its proper scope."

The other case cited (Paul v. Fargo, 84 App. Div. 9, 82 N. Y. Supp. 369) was an action for malicious prosecution, but on page 14 of 84 App. Div., page 372 of 82 N. Y. Supp., there is a discussion of the action for abuse of process and a collection of cases illustrative thereof which support the proposition that the action lies for the improper use of process and not for the institution of the suit in which the process was used.

[6] I find in this complaint all the allegations necessary in a suit for malicious prosecution, with the exception of the allegation of want of probable cause, which was dropped from the prior complaint because the motion for judgment on the pleadings was granted, and the plaintiff had to devise some other than the obvious theory for his action. I find none of the essential allegations for an abuse of process. Whatever the defendants may have done, and upon this motion the allegations must be accepted as true, had in view the institution of a proceeding in bankruptcy and the appointment by the court of a receiver therein. They did nothing with the process of the court. They had no control over the process of the court. They made use of it in no way, either to effect a settlement, to obtain securities, or to obtain money. They instituted a proceeding in court, and the institution of a proceeding in court, unfounded and unwarranted for the reasons and in the ways described in the complaint, is clearly and distinctly malicious prosecution. So that the complaint cannot be sustained as one for abuse of process. But the respondent claims that the action is one for injury to property; that, being such, the cause of action is assignable, and the two-year statute of limitations is not applicable. As I think that the cause of action set out in the complaint is essentially one for malicious prosecution, and is therefore by statute included within the definition of personal injury (section 3343, subd. 9, of the Code of

Civil Procedure), I do not deem it necessary to discuss this question.

[7] In any event the complaint is fatally defective, in that it does not show any title to the alleged cause of action in the plaintiff. It does not allege the court or action or proceeding in which the receiver was appointed, or order or judgment in which his title to the cause of action could be deduced or presumed as a matter of law. It simply alleges:

"That on or about October 6, 1910, one Arthur F. Cosby was appointed receiver, * * * and duly qualified and acted as such. * * * That on the 27th of November he sold and assigned all the rights, choses in action, and other assets * * * so acquired by him as receiver aforesaid to the plaintiff for value."

For these reasons, the order appealed from should be reversed, with $10 costs and disbursements, and the defendants' motion for judgment on the pleadings granted, with $10 costs and disbursements. Order filed. All concur.