## FREDERICK P. SCHAEFER *vs.* THE O. K. TOOL COMPANY, INC.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued November 6th, 1929—decided January 6th, 1930.

*Robert H. Gould* and *David W. Price,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom was *Harry B. Dinerstein,* and, on the brief, *Harry A. Goldstein* and *Charles S. Brody,* for the appellee (defendant).

BANKS, J. The action of the court in denying the plaintiff's motion to strike out the counterclaim is not assigned as error, and that question is not before us. Lest we should seem to approve the procedure followed, we feel constrained to say that the counterclaim, upon which the judgment in this action is based, was not one which could properly be filed, and should have been stricken out on motion. "A defendant by a counterclaim under the statute, cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary for a full determination of the rights of the

parties as to such matter in controversy, or, if it is of a wholly independent character, is a claim upon the plaintiff by way of set-off." *Harral* v. *Leverty*, 50 Conn. 46, 63, 64. The right of set-off, whether legal or equitable, has always been confined to rights of action arising from contract. In an action *ex contractu*, therefore, it is not permissible to file a counterclaim sounding in tort unless the subject-matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties. *Downing* v. *Wilson*, 84 Conn. 437, 80 Atl. 288. The matter in controversy under the original complaint in this action was the alleged contract of employment of the plaintiff by the defendant and the rendering of services thereunder. The subject-matter of the counterclaim is the bringing of a vexatious suit by the plaintiff against the defendant after this action was brought and while it was pending. It has nothing to do with the contract sued upon. The cause of action alleged in the counterclaim arose from facts subsequent to and independent of those on which the plaintiff's cause of action rests. Incidentally there would seem to be a lack of justification, at the time the counterclaim was filed, for the allegation that the New York suit set forth the same cause of action as that set forth in this action, since the substituted complaint had not then been filed, and any cause of action could have been set up which could properly be brought under the common courts. The counterclaim should have been stricken out on motion. No appeal having been taken from the action of the judge who denied the motion to strike out, our consideration is confined to the claimed errors of the court upon the trial.

The appeal may be treated as making three assign-

ments of error in the conclusions of the trial court: First, in holding that the institution of the New York action constituted the bringing of a vexatious suit under the laws of that State; second, in holding that there was not probable cause for the bringing of that action, and third, in holding that a tort had been committed though the action complained of as vexatious was still pending in the courts of New York. Counsel for the defendant seek to avoid the issues thus raised by the claim that the cause of action upon which it relies is not that of vexatious suit or malicious prosecution, but that of abuse of process, and claim that in such an action it is unnecessary for the plaintiff to allege or prove that the action was brought without probable cause, or that the proceeding complained of has terminated.

The action of malicious prosecution lies where a civil or criminal action has been instituted with malice and without probable cause, and has terminated unsuccessfully. The plaintiff must allege and prove that the original action, whether civil or criminal, was instituted without probable cause, with malice, and that it terminated in his favor. Abuse of process is the misuse of process regularly issued to accomplish an unlawful ulterior purpose. The gravamen of the complaint is the use of process for a purpose not justified by law. The distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the commencement of an action without legal justification, and in the latter it is in the subsequent proceedings, not in the issue of process but in its abuse. The distinction in the elements essential for recovery in each tort is that in the action for abuse of process the plaintiff is not bound to allege or prove the termination of the original proceeding nor, in most jurisdic-

tions, the want of probable cause, while both of those must be proven in an action for malicious prosecution or vexatious suit. While distinctions between these kindred actions have not been observed in all cases, they are generally recognized by text-writers and in the great majority of the cases. 38 Corpus Juris, 384; 1 Ruling Case Law, 101; Burdick on Torts (4th Ed.) p. 323; Bigelow on Torts (8th Ed.) pp. 228, 232; 1 Cooley on Torts (3d Ed.) p. 354; *Wood* v. *Graves,* 144 Mass. 365, 11 N. E. 567; *Zinn* v. *Rice,* 154 Mass. 1, 27 N. E. 772; *White* v. *Apsley Rubber Co.,* 181 Mass. 339, 63 N. E. 885; *Malone* v. *Belcher,* 216 Mass. 209, 103 N. E. 637; *Grimestad* v. *Lofgren,* 105 Minn. 286, 117 N. W. 515; *Ludwick* v. *Penny,* 158 N. C. 104, 73 S. E. 228; *Nix* v. *Goodhill,* 95 Iowa, 282, 63 N. W. 701; *Bonney* v. *King,* 201 Ill. 47, 66 N. E. 377; *Crews* v. *Mayo,* 165 Cal. 493, 132 Pac. 1032; *Doctor* v. *Riedel,* 96 Wis. 158, 71 N. W. 119; see notes in 3 Ann. Cas. 722, and Ann. Cas. 1915A, 831. The distinction is recognized by the courts of New York where it is alleged the tort was committed. *Assets Collecting Co.* v. *Myers,* 152 N. Y. Supp. 930. We have recently had occasion to note the distinctive elements of the several torts of malicious prosecution, abuse of process and false imprisonment, in *McGann* v. *Allen,* 105 Conn. 177, 185, 188, 134 Atl. 810.

The material allegations of the counterclaim are: (1) that plaintiff instituted the present action in this State on July 30th, 1927, (2) that on October 3d, 1927, he served a summons and complaint upon the defendant to appear before the Supreme Court of the State of New York, setting forth the same cause of action as is set forth in this action, and (3) that the New York action was brought solely to harass the defendant and was without justification and vexatious. This does not set up a cause of action for abuse

of process. The defendant's complaint is of the issue of the process, not the abuse of it. The only action of the plaintiff which is complained of, is that he instituted a suit by summons and complaint in the State of New York while there was a suit for the same cause of action pending in this State. The counterclaim charges the plaintiff with the bringing of a vexatious suit. That is the appellation given in this State to the cause of action created by statute (General Statutes, § 6148) for the malicious prosecution of a civil suit without probable cause, which we have said was governed by the same general principles as the common-law action of malicious prosecution. *Frisbie* v. *Morris,* 75 Conn. 637, 639, 55 Atl. 9. Since the tort of the plaintiff, if any, was committed in the State of New York, the counterclaim cannot of course be based upon our statutes, but it does allege the malicious institution of a civil action without justification, and, if the defendant was wronged, it is because that conduct of the plaintiff constituted the tort of malicious prosecution; though it is labeled in the counterclaim a vexatious suit.

The counterclaim leaves much to be desired as to the allegation of facts sufficient to sustain such action, but it was not demurred to, and the trial court, treating the action as one for malicious prosecution, has found the essential elements of such a tort, to wit: malice, want of probable cause and the termination of the New York action. The plaintiff attacks the finding of want of probable cause in the bringing of the New York action and the conclusion that that action had terminated, and also attacks the conclusion of the court that the service of the summons and complaint in the New York action constituted an actionable tort under the laws of that State. Since the tort, if any, was committed in the State of New York, the exist-

ence of the cause of action, as well as the measure of damages, is to be determined by the law of that State. *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 130 Atl. 794; *Orr* v. *Ahern,* 107 Conn. 174, 139 Atl. 691; *Levy* v. *Daniels' U-Drive Auto Renting Co., Inc.,* 108 Conn. 333, 143 Atl. 163. It is the rule in New York, unlike our own, that an action will not lie for the malicious prosecution of a civil suit unless in that suit the person or property of the defendant was interfered with as by injunction, attachment, arrest or other provisional remedy. *Paul* v. *Fargo,* 82 N. Y. Supp. 369; *Lobel* v. *Trade Bank of New York,* 229 N. Y. Supp. 778; *Assets Collecting Co.* v. *Myers,* 152 N. Y. Supp. 930. It is not found that there was any interference with either the person or the property of the defendant in connection with the institution of the New York suit. The only grievance of the defendant is that a summons and complaint were served upon it in New York while a similar action was pending in this jurisdiction. That did not, by the law of New York, constitute the actionable tort of malicious prosecution or vexatious suit, and the conclusion of the trial court that the plaintiff was guilty of instituting a vexatious suit is not supported by the subordinate facts found.

The court found that the New York action was instituted without probable cause. This is a conclusion which, if it is to stand, must find support in the subordinate facts found. Such support is not furnished by the bare finding that there was another suit pending for the same cause of action in this State at the time that the New York suit was started. The pendency of an action in one State is not pleadable in abatement of a suit subsequently brought for the same cause of action in another State. *Hatch* v. *Spofford,* 22 Conn. 485. Each may proceed to judgment and

execution, when a satisfaction of either will require a discharge of both. 1 Corpus Juris, 85. The plaintiff had a legal right to bring a second suit in New York while the present action was pending, and it cannot be said that his conduct in doing so was not that of a reasonably prudent man in the honest belief that his action was legal and proper, nor could want of probable cause be inferred from any degree of express malice on the part of the plaintiff. *McGann* v. *Allen,* 105 Conn. 177, 187, 134 Atl. 810. The court erred in its conclusion that the New York action was instituted without probable cause.

The court found that the New York action had been stayed in the Supreme Court of that State and that the stay had not been vacated. It is conceded by counsel that the stay was in fact vacated as appears by stipulation made a part of the record. That action is still pending, which fact alone would prevent a recovery by the defendant under the counterclaim in this action.

There is error, the judgment is reversed, and the cause remanded to the Superior Court with direction to enter judgment for the plaintiff upon the counterclaim.

In this opinion the other judges concurred.