### In re MODELL et al.

### KLAR v. BACHRACH.
### No. 392.

Circuit Court of Appeals, Second Circuit.
June 4, 1934.

A. Arthur Klar, of New York City, for appellant.

Irving Levinson, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Julius Modell and his wife were adjudicated bankrupt individually and as partners trading as J. Modell & Co. upon an involuntary petition filed in June, 1932. Shortly prior thereto a judgment was entered in favor of Julius Modell as plaintiff in an action for malicious prosecution, and subsequently the appellee as trustee in bankruptcy collected some $4,600 upon this judgment. Samuel Klar, the appellant, claims to be entitled to the moneys so collected by reason of prior assignments. On October 3, 1930, Julius Modell, being then indebted to the appellant for about $16,000, assigned to him, as security for said debt, all "right, title and interest in and to any verdict, decision, judgment or proceeds thereof" which the assignor might recover in his then pending suit for malicious prosecution. Thereafter, pursuant to a verdict found by the jury on May 28, 1932, a judgment in said suit was entered for Modell on June 2, 1932, and on the same day was formally assigned to the appellant. On this date and also on October 3, 1930, Julius Modell was hopelessly insolvent, as the appellant well knew.

It is conceded that the June assignment will not alone support the appellant's claim, for the title then transferred was a voidable preference under section 60 of the Bankruptcy Act (11 USCA § 96). The appellant tries to save it on the theory that by the assignment of October 3, 1930, he obtained as of that date a valid equitable lien on the proceeds of the suit. At the most the October assignment can operate only as an agreement to assign the judgment or its proceeds to be acquired in the future. The cause of action could not be presently assigned because of section 41 of New York Personal Property Law (Consol. Laws N. Y. c. 41). See Assets Collecting Co. v. Myers, 167 App. Div. 133, 137, 152 N. Y. S. 930.

The appellant contends that there is a distinction between an assignment of a cause of action for personal tort and an assignment of the proceeds of such a cause of action. See Williams v. Ingersoll, 89 N. Y. 508; Glegg v. Bromley, [1912] 3 K. B. 474. Even so the appellant's hold is not bettered. The "proceeds" are property to be acquired in the future, and the October assignment is still no more than an executory agreement to transfer such property when it shall come into existence. In the case at bar we need not decide at what precise moment the "proceeds" of the cause of action came into existence; it could not be earlier than the rendition of the jury's verdict on May 28, 1932, and this was well within the four months' period of forbidden preferences. If the "equitable lien" arose within that period, it is no less a voidable preference than the legal lien of the June assignment. Hence the appellant must establish that his lien is related back to the date of his receipt of the October assignment. In some states this is the law with respect to an assignment of property to be acquired in the future. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577. But in New York the rule is otherwise; here the assignee must take possession before the rights of the assignor's trustee in bankruptcy arise. Zartman v. First Nat. Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083; Mathews v. Hardt, 79 App. Div. 570, 80 N. Y. S. 462; Irving Trust Co. v. Commercial Factors Corp., 68 F.(2d) 864, 868 (C. C. A. 2). We regard these authorities as controlling.

The cases upon which the appellant relies are distinguishable. Many of them relate to property in existence when the agreement was given, and so the equitable lien might be created forthwith, as in Walker v. Brown, 165 U. S. 654, 17 S. Ct. 453, 41 L. Ed. 865 and Sexton v. Kessler & Co., 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995. The case of Williams v. Ingersoll, 89 N. Y. 508, holds that an agreement between attorney and client that the former should have a lien upon all moneys recoverable by the latter in a pending action for malicious prosecution may be effectual as an equitable assignment or lien as against the client and his attaching creditor. It had nothing to do with bankruptcy of the assignor or the doctrine of relating the lien back to avoid the preference provisions of

the statute. Indeed, at page 519 of 89 N. Y., the opinion says that the assignment "could not even in equity operate upon the unliquidated claim for damages on account of the personal tort, but attached to the award the moment it was made." The same distinction is applicable to Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 475. Archibald v. Panagoulopoulos, 233 N. Y. 478, 135 N. E. 857, indicates only that equitable liens may be enforceable in bankruptcy. It does not stand for the principle that equitable liens which are voidable as preferences under the Bankruptcy Act may be related back to some prior date. As already stated, we regard the case at bar as governed by the Zartman and Mathews Cases and our own recent decision in Irving Trust Co. v. Commercial Factors Corp., supra.

Order affirmed.