BENJAMIN VICTORICK v. NELLIE G. VICTORICK

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 80468

Memorandum filed December 17, 1947.

*Jacob Berman,* of Hartford, for the Plaintiff.

KING, J. The plaintiff proved himself entitled to a decree of divorce on the grounds of desertion and intolerable cruelty. However, his attorney quite properly voluntarily disclosed that in Massachusetts, in an action for divorce brought by the wife. a decree nisi (a copy of which is in the file) had been entered in her favor on the 27th day of November, 1947.

Under the law of Massachusetts (§§ 21 and 24 of chapter 208 of the Annotated Laws of Massachusetts), the decree nisi will not become absolute for six months after its rendition, and the defendant (plaintiff in Connecticut) could not legally marry, at least in Massachusetts, for two years after the decree becomes absolute. Furthermore, the court may, upon application of any party interested, at any time within the six months' period, order that the decree not become absolute.

The pendency of an action in one state is no ground for the abatement of a suit subsequently brought for the same cause of action in another state. This would be so even if the relief given in Massachusetts were coextensive with that given in Connecticut. *Shaefer* v. *O. K. Tool Co.,* 110 Conn. 528, 535. Here the relief given to this plaintiff in the Massachusetts action will not be equivalent to that given in Connecticut for at least two years and a half after the date of the decree nisi, and, in the event that objections are interposed to the decree nisi becoming absolute, for an even longer period. *Dettenborn* v. *Hartford-Connecticut Trust Co.,* 121 Conn. 388, 392. It follows that the existence of the Massachusetts decree nisi is no bar to the granting of a decree to the plaintiff.

A decree of divorce may enter in favor of the plaintiff on the grounds of desertion and intolerable cruelty, and actual notice to the defendant is found.