[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Barton Ricks, commenced this action by filing an application for a prejudgment remedy and complaint, dated March 24, 1994. The defendant, AMS Transportation, Inc., now moves this court to dismiss the action pursuant to Practice Book § 143, on the grounds that "there is a prior pending action in the State of Nevada CT Page 7011 which is virtually alike the instant action."
A motion to dismiss is the proper procedural vehicle to raise a claim of a prior pending action. See Halpern v.Board of Education, 196 Conn. 647, 652 n. 4, 495 A.2d 264
(1985).
It is well settled that a pending prior suit between the same parties, for the same thing will generally abate a latter suit because the last suit is deem to be unnecessary, and therefore vexatious. See Henry F. Raab Connecticut,Inc. v. J.W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834
(1981) (when two separate lawsuits are `virtually alike' the second suit is generally dismissed on the basis of the prior pending action doctrine). This rule is not one of unbending rigor, but one of justice and equity. Id. This doctrine applies equally to counterclaims as well as complaints.Cole v. Associated Construction Co., 141 Conn. 49, 53,103 A.2d 529 (1954).
However, pendency of a prior action between the same parties and to the same ends is grounds for dismissal only when the actions are pending in the same jurisdiction. SeeSauter v. Sauter, 4 Conn. App. 581, 584, 495 A.2d 1116
(1985). The pendency of an action in one state is not grounds for abatement of a later action in another state, even if the first state has acquired complete jurisdiction. Id., citing Schaefer v. O.K. Tool Co., Inc., 110 Conn. 528,535, 148 A. 330 (1930); see also Nielsen v. Nielsen, 3 Conn. App. 679,682, 491 A.2d 1112 (1985) (pendency of prior action between same parties in same jurisdiction and to same end is grounds for dismissal); Halpern v. Board ofEducation, supra, 196 Conn. at 653-53; 1 C.J.S. Abatementand Revival § 51 (1985) (the pendency of an action in one state cannot be pleaded in abatement to an action subsequently commenced in another state between the same parties for the same cause of action). "Each [action] may proceed to judgment and execution, when a satisfaction of either will require a discharge of both." Schaefer v. O.K.Tool Co., Inc., supra, 110 Conn. at 535-36.
This court finds that since the two actions have been commenced in different states, Nevada and Connecticut respectively, the prior pending action doctrine is inapplicable. Accordingly, the defendant's motion to CT Page 7012 dismiss is hereby denied.