[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Robert Shluger and Nancy Shluger, are bringing this action against the defendant, Kent D. Mawhinney. The third party defendant, Clayman, Markowitz, Pinney Baram, L.L.C., has been cited in by defendant Mawhinney. In this complaint, brought in two counts, the plaintiffs allege in Count One, vexatious litigation, and Count Two, abuse of process.
The pertinent facts associated with this action include two prior legal actions brought by the defendant, Kent D. Mawhinney, as attorney for Robert Girouard and Susan Girouard. The defendants in the first of these two actions were Georgetown Village Condominium Association (Georgetown) and some of its directors; and, in the second action, the same defendants as in the first action with the addition of Robert Shluger (a plaintiff in this action) to the list of defendant directors. CT Page 15810
The present action has as its parties, the plaintiffs, Robert and Nancy Shluger; with the defendant, Kent D. Mawhinney; as well as the third party defendant, Clayman, Markowitz, Pinney Baram, L.L.C. This complaint is based upon the fact that Mawhinney brought the previously mentioned second action after the first action was terminated by summary judgment against the plaintiffs, Robert and Susan Girouard. Mawhinney brought the second action for Robert and Susan Girouard as plaintiffs against the defendants Georgetown and its directors, including the herein plaintiff, Robert Shluger. Both the first and second actions brought by Mawhinney, as attorney for the Girouards, were in an attempt to have a second automobile parking space assigned to them. Both of these prior actions are now terminated: the first one by summary judgment against the Girouards; the second one by summary judgment against the Girouards on three of four counts; and the withdrawal of the first count by the Girouards, together with the withdrawal of the defendants' counterclaims. Further, there was an exchange of releases by all parties and counsel except that Robert Shluger did not release any claim he might have against the plaintiffs' attorney, Kent D. Mawhinney, the herein defendant.
This brings us to the present action. The plaintiffs herein, Robert and Nancy Shluger, bring this action against Kent D. Mawhinney. Mawhinney has brought in his employer, Clayman, Markowitz, Pinney Baram, as third party defendant.
The Shlugers' complaint in two counts alleges in the first count that Mawhinney engaged in vexatious litigation, and, in the second count, in abuse of process.
The plaintiffs in the present action contend that the plaintiffs (Girouards) in both of the prior actions engaged in a course of conduct that adversely affected the plaintiffs herein and their children; that in both prior actions the Girouards' course of conduct and their demand for an extra parking space were litigated and decided against them; that, the defendant herein, Mawhinney, as their attorney, aided and abetted the Girouards in continuing to violate the parking assignments at the condominium after the court had ruled against them in the first action. He did so by counseling them to continue to violate the parking assignments, and then he brought the second action based upon the same grounds as had been alleged and decided in the first action. CT Page 15811
The plaintiffs' first count of vexatious litigation requires that the plaintiffs herein prove that Mawhinney brought the prior suit, knowing of the lack of probable cause, with malice and that the termination of the prior suit was in the plaintiffs' favor. Probable cause is the knowledge of facts sufficient to justify a reasonable person to believe that there are reasonable grounds for bringing the action. Malice may be inferred from the lack of probable cause. Vandersluis v. Weil, 176 Conn. 353, 356.
As a preliminary issue, the standing of the plaintiff, Nancy Shluger, to participate in this action is raised by the defense. Mawhinney notes that a vexatious litigation action requires that, inter alia, the prior civil action which is the basis for this action be terminated in favor of the present plaintiff. Mawhinney claims that since the present plaintiff, Nancy Shluger, was not a named party to that prior action, she has no standing as a plaintiff in the present action since it could not have terminated in her favor, she not being a party.
The court agrees that a vexatious litigation action requires the plaintiff herein, Nancy Shluger, to have had the prior action terminated in her favor. Since she was not a named party, nor a participant in that action, nor a named beneficiary of that decision, the court agrees with the defense that the plaintiff, Nancy Shluger, has no standing as a plaintiff in this action and is, consequently, ordered to be removed as a plaintiff in this action.
The plaintiff contends that Mawhinney, in bringing the second action, lacked probable cause as shown by the granting of summary judgments on the second, third and fourth counts of the complaint. Further, that the first count was subsequently withdrawn by the plaintiffs. Mawhinney, however, points out that Count One was still an active count in the complaint after the summary judgment issued; that, the time period for appeal of the summary judgments on Counts Two, Three and Four was tolled until a final judgment issued on the first count. Therefore, the parties in reaching an agreement to terminate the case required the plaintiffs to withdraw the first count and agree not to appeal the summary judgments on the remaining counts. In return, the defendants agreed to withdraw their counterclaims.
Thus, there is no indication that the prior second action lacked probable cause. In addition, the requirement that the plaintiff show that the prior action terminated in favor of the CT Page 15812 plaintiff herein, is lacking since the case was terminated by withdrawal by each side of their respective active claims. Further, all parties recognized the existence of potential future liabilities and executed mutual releases as to all parties, except to the defendant herein, Mawhinney.
The plaintiff also alleges that the second suit was instituted by the Girouards at the urging and facilitation of the defendant without probable cause, with malicious intent, for purposes other than to secure the adjudication of their claims, and to unjustly vex and trouble the plaintiff.
The defendant denies these allegations and points out that there was probable cause as previously indicated; that, he brought the action, without malice towards the defendants, in an attempt to obtain the additional parking space being sought by his clients; that, other than the fact that the suit was brought by the Girouards, with the defendant as their attorney, no testimony or evidence was presented by the plaintiff to support a showing of malice on Mawhinney's part.
As to the second count alleging abuse of process, this action lies when using "a legal process against another in an improper manner or to accomplish a purpose for which it was not designed."Schaefer v. O.K. Tool Co., 110 Conn. 528, 532-33.
Where, as here, the action is for the purposes set out in Count One of the previously mentioned second prior action, to obtain redress for the defendants' refusal to permit Robert Girouard access to the Association's records, this accomplishes the purposes of the legal action intended by that suit; that there is or may be an ancillary or incidental motive or ulterior purpose of benefit to the defendant as a result of the action does not raise it to the level of an abuse of the process.Mozzochi v. Beck, 204 Conn. 490, 494.
The court finds that the plaintiff has not presented evidence sufficient to prove the allegations of vexatious litigation, in the first count; nor to prove the allegations of abuse of process in the second count.
Therefore, the court finds the issues for the defendant, Kent D. Mawhinney, in both counts of the plaintiff's complaint.
Thus, judgment may enter for the defendant, Kent D. CT Page 15813 Mawhinney, and against the plaintiff, Robert J. Shluger, as to both counts of the complaint.
Further, court costs are assessed for the defendant, Kent D. Mawhinney, and against the plaintiff, Robert J. Shluger.
Kremski, J.T.R.