[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING DEFENDANTS' (DONNELL AND HALLORAN SAGE) MOTION TO STRIKE THE CUTPA CLAIM (#174) AND PLAINTIFF'S MOTION TO STRIKE THE COUNTERCLAIM (##169.4 and 180)
This case arises from the October 11, 1994 settlement of a lawsuit captioned Della Construction Co., Inc. v. The Lane Construction Corp.,
Superior Court judicial district of Hartford, Docket No. 381336 (Dellav. Lane). In that case, settlement was reached during trial and the stipulation was presented on the record in a closed courtroom. The file then was sealed by order of the trial judge.
The plaintiff Lane Construction Corporation (Lane) now claims damages on the basis that a provision of the settlement agreement critical to Lane's interest was the stipulation that the terms of the Della v. Lane
settlement would remain confidential except as to certain parties identified on the record, and such confidentiality has been breached by counsel for Della. Della was represented throughout Della v. Lane by Brian Donnell, Esq. (Donnell), a partner with Halloran Sage. Lane now contends that Attorney Donnell knew at the time of the Della v. Lane
settlement that Della's interest in that litigation had been assigned to Chatham, Inc. (Chatham), a Florida corporation, and that unbeknownst to Lane, Chatham necessarily would learn the terms of the settlement, notwithstanding counsel's in-court representation that confidentiality CT Page 11450 would be preserved. Having since learned about Chatham and its interest in Della v. Lane, Lane brought this action, as amended, against the defendants in both tort and contract, in addition to claiming violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 (b) et seq. (count eight). Donnell and Halloran Sage filed a counterclaim which, as amended, claims damages from Lane for abuse of process. Before the court is the defendants' motion to strike the CUTPA claim and Lane's motion to strike the amended counterclaim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or counterclaim] . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 10-39. "A motion to strike admits all facts well pleaded." Parsonsv. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading] . . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990) "[The motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The court must construe the facts in the complaint most favorably to the [pleading party]." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id.
Count eight of the fourth amended complaint is asserted against Donnell for allegedly failing during the course of the Della v. Lane settlement to advise Lane about an assignment by Della of its interest in that lawsuit. Lane contends in count eight that it has suffered an ascertainable loss as a result of the alleged unfair and deceptive acts and practices of Donnell. Donnell and Halloran Sage have moved to strike count eight on the grounds that CUTPA claims are not permitted against counsel for an adversary or opponent and are not permitted against attorneys generally unless directed to the entrepreneurial or commercial aspects of the legal profession.
It is well established that CUTPA applies to the business or "entrepreneurial" practices of lawyers toward clients or prospective clients. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 496 n. 19,656 A.2d 1009 (1995); Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 520-21, 461 A.2d 938 (1983). On the other hand, "[t]he noncommercial aspects of lawyering — that is, the CT Page 11451 representation of the client in a legal capacity — should be excluded for public policy reasons." Haynes v. Yale-New Haven Hospital,243 Conn. 17, 34, 699 A.2d 964 (1997) "It is important not to interfere with the attorney's primary duty of robust representation of his or her client. . . ." (Citation omitted.) Id., 35. The entrepreneurial aspects of law practice include such activities as advertising, solicitation of business and billing. Id. Count eight of Lane's fourth amended complaint is directed to the claimed omission by an opposing counsel of information that may have made a difference to Lane's settlement strategy in Dellav. Lane. Such conduct, even if it did illicitly intrude upon the ultimate settlement of the underlying litigation, as alleged, is not claimed to have been undertaken for the purpose of advertising, solicitation of business or billing and therefore is not actionable under CUTPA.
Lane's CUTRA claim relating to Donnell's alleged conduct also is barred because "attorneys cannot be liable to their client's adversaries for alleged unfair trade practices occurring in the course of the attorneys' representation of their client." Field v. Kearns, 43 Conn. App. 265,279, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996). See also Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 722-29, 627 A.2d 374
(1993). "Providing a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Jackson v. R. G. Whipple, Inc., supra,225 Conn. 727. For these reasons, the motion to strike count eight of the fourth amended complaint is granted.
Lane has moved to strike the amended counterclaim filed by Donnell and Halloran Sage in which these defendants claim damages, including punitive damages and attorneys fees, for abuse of process. Lane contends in its motion that the amended counterclaim should be stricken because it does not arise out of the same transaction alleged in Lane's complaint, it is based on the institution and prosecution of an action and therefore does not allege a claim for abuse of process, it improperly alleges a suit for vexatious litigation rather than abuse of process, and it seeks remedies that are not authorized by Connecticut law. Donnell and Halloran Sage have opposed the motion.
Essentially, Lane has moved to strike on the basis that the counterclaim as amended fails to properly allege that its own amended complaint constitutes an abuse of process. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . ." (Citations omitted; internal quotation marks omitted.) CT Page 11452Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987). "[T]he gravamen of the action for abuse of process is the use of a legal process against another primarily to accomplish a purpose for which it was not designed. . . . [and that use of the word] "primarily" is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the [pleader] . . . ." (Citations omitted; internal quotation marks omitted.) Id. Lane contends that its complaint does not fall within the Mozzochi criteria.
The Mozzochi court held that abuse of process is not sufficiently pleaded when there was no allegation of injury outside of the normal contemplation of litigation. Id., 497. "For example, there is no claim that the defendants used the pleadings or the process . . . as leverage to coerce the plaintiff to pay a debt or surrender property unrelated to that litigation. Similarly, there is no claim that the defendants used unreasonable force, excessive attachments or extortionate methods to enforce the right of action. . . . Finally, there is no claim that the defendants' purpose in pursuing [the underlying action] was to gain any collateral advantage extraneous to its merits. The only injury of whichthe plaintiff fin the abuse of process claim] complains is that thedefendants improperly continued to pursue f the underlying claim] inorder to enrich themselves . . . at the plaintiff's expense. . . .although they knew that their said lawsuit was without merit." (Emphasis added.) Id., 493-94, 497. "The complaint in no way distinguishes between the costs and benefits ordinarily associated with the pursuit of litigation and the burdens that the defendants in this case allegedly improperly inflicted upon the plaintiff. . . . [T]he plaintiff has failed to state a cause of action for abuse of process." Id., 497-98.
Lane argues in its motion that the defendants' counterclaim as amended more closely resembles a vexatious litigation claim, in which a plaintiff must allege and prove that the original action was instituted with malice, without probable cause, and that it terminated in favor of the plaintiff. See, e.g., Schaefer v. O.K. Tool Co., Inc., 110 Conn. 528,532, 148 A. 330 (1930). Indeed, the counterclaim alleges that the underling action lacks merit, is not supported by law, has been instituted and prosecuted without investigation as to the validity and viability of the claims, continues to be litigated although Lane knows the claims lack merit, and is causing Donnell and Halloran Sage to incur substantial monetary damage as well as aggravation and embarrassment as a result of the Della v. Lane litigation and settlement. These allegations, however, do not point to any specific misconduct intended by Lane to cause specific injury outside of the normal contemplation of litigation. As in Mozzochi, the only injury of which these defendants complain arises from Lane's continued pursuit of CT Page 11453 an alleged meritless lawsuit for Lane's own satisfaction at these defendants' expense. Nor do these defendants distinguish between the costs typically associated with litigation as opposed to the alleged burden Lane is inflicting on them in this case. While the arguably illicit purpose of trying to prevail in a frivolous lawsuit may be actionable in a different cause of action, it is not sufficiently "ulterior" to constitute an abuse of process under the Mozzochi
criteria. See TCW Realty Fund II v. Pearle Vision, Inc., Superior Court, judicial district of Hartford/New Britain Housing Session, Docket No. 4990HD (October 29, 1996, Beach, J.) (distinguishes vexatious litigation from abuse of process). The motion to strike the counterclaim as amended is granted.
 CONCLUSION
The defendants' motion to strike (#174) count eight of the fourth amended complaint (CUTPA) and the plaintiff's motion to strike the counterclaim as amended (##169.4 and 18 are granted.
ROBERT F. McWEENY