[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 123.01)
I. INTRODUCTION.
The motion for summary judgment now before the court addresses a five-count complaint directed at four defendants. Because factual disputes cannot be resolved at this stage of the proceedings, the court will attempt to deal with the complexities of the complaint in the briefest possible compass.
Stating a lengthy factual recital very briefly, the plaintiff, Sara Armstrong, is the owner of a package store in Hamden. On May 10, 1996, the Cheshire Police staked out her store and arrested three minors who had purchased alcoholic beverages therein. The factual dispute between the present parties is not whether the purchasers were minors — everyone agrees that they were — but whether the minors used false identifications or used no identifications at all. One of the defendants, Officer Dennis Boucher, wrote a police report stating that one of the minors told him "that tonight he did not show the clerk any identification." Boucher then referred the matter (along with the report) to the Liquor Control Commission. The Commission eventually dropped the case, but not until Armstrong had incurred certain legal expenses in fighting the charge.
Armstrong's central factual allegation is that Boucher's police report was deliberately falsified. She specifically claims that the report's statement that one of the minors told Boucher "that tonight he did not show the clerk any identification" was manufactured by Boucher for the purpose of defaming her. While this factual allegation will plainly be a challenging one for Armstrong to prove, the court cannot resolve disputed questions of fact at this stage of the proceedings. Armstrong has submitted evidence that, if believed, establishes that Boucher has given different stories concerning the presence or absence of identification on the evening in question. Viewing the matter in the light most favorable to the plaintiff, as the court is obliged to do at this stage, it is possible to draw an inference of fabrication from this evidence. The resulting factual dispute must be resolved by the trier of fact.
A separate factual allegation also figures in Armstrong's complaint. She claims that at some point during the pendency of the Liquor Control Commission's proceedings. Her attorney at the time (she is now represented by different counsel) spoke with Boucher's supervisor, Captain Robert Irving, and asked him if the minors in question had possessed a false identification. Irving assertedly told the attorney "that Detective Boucher had found no false identification when he stopped the boys." Armstrong alleges that this oral communication constituted a separate defamatory act. CT Page 11520
Armstrong commenced this action in 1998 against four defendants: Boucher, Irving, Police Chief George Merriam, and the Town of Cheshire. Her Third Revised Complaint consists of five counts: (1) slander, (2) libel, (3) failure to supervise, (4) abuse of process, and (5) violation of her federal constitutional rights. Count 5 is brought pursuant to42 U.S.C. § 1983.
The defendants filed the motion for summary judgment now before the court on March 30, 2000. The motion was heard on August 6, 2001. The counts of the complaint will now be reviewed in order.
II. COUNT 1.
Count I alleges slander and is predicated on Irving's oral communication with Armstrong's attorney. The count is formally directed at all defendants, but at the hearing, the plaintiff abandoned her claims as to the Town, Boucher, and Merriam. Her present claim is against Irving alone.
The claim asserted in Count 1 must fail because the claim is one of slander per quod and the plaintiff's submissions establish no actual damages resulting from the slander. A slander per quod is not defamatory on the face of the communication but becomes defamatory in light of extrinsic facts known by the recipient of the communication. Battista v.United illuminating Co., 10 Conn. App. 486, 491, 523 A.2d 1356, cert.denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987). That is the case here. There is nothing defamatory on the face of Irving's communication to Armstrong's attorney that Boucher had found no false identification when he stopped the minors in question. At best, that communication became defamatory only in light of the extrinsic fact that Armstrong or her clerk had sold alcoholic beverages to the minors. When a plaintiff brings an action in defamation per quod, she must plead and prove actual damages. Id. The likelihood that this communication to her attorney would cause actual damage to Armstrong herself is, as Armstrong conceded at argument, negligible. No actual damage is shown by the submissions here.
The motion must be granted as to all defendants on Count 1.
III. COUNT 2.
Count 2 alleges libel. The focus of this count is on Boucher's police report and the referral and inventory that were produced at approximately the same time. Although the count is formally directed at all defendants, at argument the plaintiff claimed it only with respect to Boucher. CT Page 11521
Although the parties differ on the question of the report's accuracy, for reasons already set forth, that factual dispute cannot be resolved at this stage of the proceedings. Viewed in the light most favorable to the plaintiff, the report could be construed as defamatory to Armstrong. The defendants' claim of privilege cannot be resolved on the submissions now before the court because of the factual dispute as to whether Boucher's report was deliberately fabricated. "The immunity of privilege is lost if the defendants can be shown to have made the claimed defamatory utterances for a purpose other than that for which the immunity was designed to afford protection." Charles Parker Co. v. Silver City CrystalCo., 142 Conn. 605, 617, 116 A.2d 440 (1955).
The motion must be granted as to Irving, Merriam, and the Town but denied as to Boucher on Count 2.
IV. COUNT 3.
Count 3 alleges failure to supervise. This count is facially directed at Irving, Merriam, and the Town, but Armstrong declined to press her argument against the Town at the hearing.
No evidence has been submitted that either Irving or Merriam contributed, by a failure to supervise or anything else, to any injury arguably suffered by Armstrong. There is no evidence that either of them had any inkling that Boucher was falsifying his report or had any opportunity to stop him from doing so. Armstrong's alternative argument that Irving and Merriam had a legal obligation to stop Boucher from staking out her store because it was in another town is unsupported by any legal authority.
The motion must be granted as to all claimed defendants (i.e. Irving, Merriam, and the Town) on Count 3.
V. COUNT 4.
Count 4 alleges abuse of process. Armstrong misconceives the nature of the tort that she alleges. "The distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the commencement of an action without legal justification, and in the latter it is in the subsequent proceedings, not in the issue of process but in its abuse." Schaefer v. O.K. Tool Co.,110 Conn. 528, 532, 148 A. 330 (1930). Armstrong conceded at the hearing that she cannot prevail under this well established definition.
The motion must be granted as to all defendants on Count 4. CT Page 11522
VI. COUNT 5.
Count 5 alleges a claim under 42 U.S.C. § 1983. While the claim is facially directed against all defendants, Armstrong did not press her claim against the Town at the hearing.
For reasons already discussed (with respect to Count 3), there is no evidence on the record submitted to the court that either Merriam or Irving have contributed to any injury suffered by Armstrong.
Armstrong's claim against Boucher stands on a different footing. Armstrong alleges that Boucher deliberately falsified his report. This allegation involves a factual dispute that cannot be resolved on this record. The deliberate falsification of a report by a police officer would plainly be a highly unconstitutional act, inconsistent with any notion of due process. Armstrong had a recognizable property interest in her license. The question of damages cannot be resolved on this record. In the absence of actual damages, Armstrong would arguably be entitled to nominal damages for the violation complained of here. The resolution of these issues must await a factual hearing.
The motion must be granted as to Irving, Merriam, and the Town but denied as to Boucher on Count 5.
VII. CONCLUSION.
The motion is granted as to all defendants on Count 1.
The motion is granted as to Irving, Merriam, and the Town but denied as to Boucher on Count 2.
The motion is granted as to all claimed defendants (i.e. Irving, Merriam, and the Town) on Count 3.
The motion is granted as to all defendants on Count 4.
The Motion is granted as to Irving, Merriam, and the Town but denied as to Boucher on Count 5.
Jon C. Blue Judge of the Superior Court